# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-317-DLB

BRIAN ALLEN STANDIFORD                                   PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

SANDRA BUTLER, WARDEN,                                 RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Brian Allen Standiford is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Standiford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will **deny** Standiford's petition.

In 1997, Standiford pled guilty to multiple counts of bank robbery in the Northern District of Indiana.[1] The trial court sentenced Standiford to 151 months in federal prison and three years of supervised release. The court also ordered Standiford to pay $13,191.00 in restitution and said:

> The restitution shall be paid in equal monthly installments during the period of incarceration through the Inmate Financial Responsibility Program [IFRP]. The defendant shall make equal monthly installments of $25.00, to commence immediately upon his release from prison and to continue during the term of supervised release until the total restitution in the amount of $13,191.00 is paid in full.

---

[1] This procedural history comes from Standiford's petition and attached documents at R. 1, as well as his underlying criminal cases of *United States v. Standiford*, No. 2:97-cr-050 (N.D. Ind. 1997) and *United States v. Standiford*, No. 1:15-cr-031 (W.D. Mich. 2015).

1

Standiford then served his prison term and, during that time, it appears he was making restitution payments through the IFRP.

Standiford was eventually released from prison. However, he violated the terms of his supervised release by committing another crime and failing to report to the probation office, as required. Therefore, in 2011, the trial court sentenced Standiford to an additional 24 months in prison. Standiford served that supervised release violation sentence and was released.

A few years later, Standiford committed another bank robbery. Standiford pled guilty to that crime in the Western District of Michigan, and the trial court sentenced him to 140 months in prison and 3 years of supervised release. The court also ordered Standiford to pay $2,735.00 in restitution and stated that:

> The restitution is to be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to commence 60 days after the date of this judgment.

Standiford began serving his new prison term, and it appears he has made some restitution payments based on his UNICOR earnings.

However, Standiford objected to the withdrawals from his inmate account. Therefore, Standiford filed a request for an administrative remedy with the Bureau of Prisons (BOP) and asked to be placed in "temporary exempt status until I get clarification form the courts." [R. 1-1 at 1]. In response, the Warden informed Standiford that, in addition to the $2,735 in restitution that he owed in the Western District of Michigan, he still owed over $8,000 in restitution from his 1997 criminal case in the Northern District of Indiana. [Id. at 2]. The Warden then indicated that Standiford was participating in the

IFRP and suggested that the amount withdrawn from his inmate account was consistent with that program, as well as both the 1997 and 2015 restitution orders. [Id.]. Finally, the Warden told Standiford that he did "not meet the criteria to be placed on Temporary Exempt status." [Id.]. Standiford appealed the Warden's decision within the BOP, but his appeal was ultimately denied. [Id. at 4-7].

Standiford then filed a § 2241 petition with this Court. [R. 1]. Standiford, however, did not complete much of his § 2241 form. Instead, he simply attached his correspondence with the BOP [R. 1-1 at 1-7], his underlying criminal judgments [R. 1-1 at 10-22], and a very short document containing a few arguments that are difficult to follow [R. 1-1 at 8-9]. As best as the Court can tell, Standiford objects to the fact that he has to continue paying restitution from his 1997 case; indeed, he describes that case as "closed" and says that he should be allowed "to fulfill my obligation set forth" in the 2015 case. *Id*. Standiford also suggests that, in fulfilling that obligation from 2015, he should only be required to pay the minimum amount—either $20.00 or $25.00 per month.

Standiford's petition is unavailing. Standiford robbed multiple banks in the 1990s, and he cites no legal authority that would allow him to avoid paying restitution for those crimes simply because he was convicted of yet another bank robbery in 2015 and ordered to pay restitution for that bank robbery. Standiford also does not explain how the BOP is removing too much money from his inmate account. If anything, Standiford's submissions indicate that he is voluntarily participating in the IFRP and that the BOP is withdrawing an appropriate amount of funds, given that he has a UNICOR position at the prison. Finally, to the extent that Standiford is claiming that a federal district court may not delegate the setting of restitution payments to the BOP pursuant to the IFRP, the Sixth Circuit has

specifically rejected that argument. See *Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001) (concluding that a district court may delegate the schedule of a defendant's restitution payments while in prison to the BOP through the IFRP); *see also United States v. Mosher*, 493 F. App'x 672, 677 n. 4 (6th Cir. 2012) (acknowledging this principle).

Accordingly, it is **ORDERED** as follows:

(1) Standiford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

(2) Any and all pending motions are **DENIED AS MOOT**;

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4) A corresponding Judgment will be entered this date.

This 30th day of November, 2017.

Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\ProSe\Standiford 17-317-DLB Memorandum CDS.docx